IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVEN LYNN DEEM, #16418-035 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv515 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Steven Lynn Deem, proceeding *pro se*, brings this petition for a writ of habeas corpus challenging his 1997 Smith County conviction for the offense of aggravated sexual assault of a child. The petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the petition should be dismissed for lack of subject matter jurisdiction as an unauthorized second or successive petition. Mr. Deem has filed objections.

Mr. Deem previously filed a petition for a writ of habeas corpus in this court challenging his conviction, which was dismissed with prejudice as time-barred. *Deem v. Director, TDCJ-CID*, No. 6:04cv554 (E.D. Tex. March 4, 2005). The Fifth Circuit denied his motion for a certificate of appealability. *Deem v. Daughty*, No. 05-40604 (5th Cir. 2005).

The present petition was filed on September 11, 2017. The petition contains five grounds for relief, including an actual innocence claim. It is noted that his previous petition likewise included an actual innocence claim.

1

Judge Mitchell found that the petition should be dismissed as an unauthorized or successive petition in light of 28 U.S.C. § 2244(b). *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Mr. Deem stresses in his objections that he is claiming actual innocence, and he argues that he should be permitted to proceed with his petition in light of *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924 (2013). He correctly observes that the Supreme Court found that a claim of actual innocence serves as a "gateway" through which a petitioner may pass with respect to a petition that would otherwise be dismissed as time-barred. *Id.* at ___, 133 S. Ct. at 1928. The issue of whether a petition is time-barred is not the same as the question of whether a petition is second or successive. The Fifth Circuit has found that *McQuiggin* does not permit a "petitioner to circumvent the statutory restrictions of § 2244(b)(1) and (2) upon a showing of 'actual innocence.'" *In re Warren*, 537 F. App'x 457, 457-58 (5th Cir. 2013). *See also Blanton v. Davis*, 688 F. App'x 260, 261 (5th Cir. 2017) ("His contention that he may pursue federal habeas relief on account of actual innocence is unavailing."). Mr. Deem must still receive permission from the Fifth Circuit to file a second or successive petition based on actual innocence. The petition should be dismissed for lack of subject matter jurisdiction.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Deem to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Deem's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**. It is finally

**ORDERED** that the Clerk of Court shall return unfiled any new petitions for a writ of habeas corpus submitted by Mr. Deem regarding his conviction unless he shows he has received permission from the Fifth Circuit to file it.

So **ORDERED** and **SIGNED** this **27** day of **September, 2017.**

_____
Ron Clark, United States District Judge